NOT FOR PUBLICATION                                      (Docket No. 11)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                   :
MARCELLUS AUTREY,                  :
                                   :
              Petitioner,          :    Civil No. 04-3904 (RBK)
                                   :
       v.                          :    **OPINION**
                                   :
WARDEN JOHN NASH, et al.,          :
                                   :
              Respondents.         :
_____:

**KUGLER**, United States District Judge:

     This matter comes before the Court on motion by Federal Respondent Warden John Nash ("Nash"), to dismiss the Petition of Marcellus Autrey ("Autrey") for Writ of Habeas Corpus under 28 U.S.C. § 2254. For the reasons set forth below, Autrey's Petition will be dismissed in its entirety for lack of subject matter jurisdiction.

**I.  Background**

     Autrey, a federal inmate at the Federal Correctional Institute ("FCI") Fort Dix, filed a Petition For Writ of Habeas Corpus of a Person in State Custody pursuant to 28 U.S.C. § 2254 on August 16, 2004. Autrey is presently incarcerated pursuant to a conviction and sentence issued July 24, 1998, in the United States District Court for the Eastern District of Pennsylvania. Autrey claims that the federal sentence he is presently serving

was enhanced by an improper conviction on November 4, 1991, in the Commonwealth of Pennsylvania, Philadelphia Court of Common Pleas. Although the 1991 sentence has since been satisfied, Autrey is now alleging that it resulted in enhancement of the sentence he is presently serving for his 1998 conviction.

The United States Court of Appeals for the Third Circuit affirmed the 1998 conviction and sentence in July 1999. Autrey filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on July 19, 2000, which was denied by the sentencing court in January 2001. The Third Circuit denied Autrey's request for a certificate of appealability in January 2003.

Presently before the Court is Autrey's petition, filed August 16, 2004, under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, to address his November 4, 1991, conviction in the Pennsylvania Court of Common Pleas. Autrey contends that the Court of Common Pleas improperly denied his application for leave to file a notice of appeal nunc pro tunc, filed December 9, 1996, and therefore his "State conviction must be declared non-final and he must be allowed to take his long-delayed appeal." (Pet. Mot. to Vacate, Set Aside, or Correct Sentence, filed Aug. 16, 2004.)

Respondent Nash now moves for dismissal on the grounds that this Court lacks subject matter jurisdiction to consider the

merits of any challenge to Autrey's current federal sentence. Nash argues that Autrey's sole dispute in his petition under § 2254 is a challenge to his 1991 state court judgement and, therefore, Warden Nash, as Petitioner's current federal custodian, is an improper respondent. Because the Court now finds that it lacks jurisdiction to hear Autrey's Petition, this case will be dismissed in its entirety for lack of subject matter jurisdiction. Boretti v. McGinnis, 2006 WL 475299, *2 (E.D. Mich. 2006) (dismissing habeas petition for lack of subject matter jurisdiction, even where neither party raised the issue).

## II.  28 U.S.C. Section 2254

28 U.S.C. § 2254 authorizes distict courts to entertain applications for writs of "habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." § 2254(a). Where § 2254 applies, the proper respondent would, as Respondent argues, be the appropriate state official, rendering the federal warden an improper respondent. Id.

However, as the plain language of § 2254 makes clear, the petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed" for § 2254 to apply. Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)); Foster v. Booher, 296 F.3d 947, 949 (10th Cir. 2002) (holding that district courts lack jurisdiction over § 2254 suits where the petitioner is no

longer in state custody); Clemons v. Mendez, 121 F. Supp. 2d 1101 (E.D. Mich. 2000) (dismissing § 2254 habeas petition on grounds that "petitioner is no longer 'in custody' under the 1977 state conviction he wishes to challenge").

A petitioner is not in custody for the purposes of § 2254 where his "sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction." Maleng, 490 U.S. at 490-91. Such a situation is distinguishable from cases where the petitioner is on parole from a state judgment or is "in actual federal custody, [but] has a state court detainer placed against him for a sentence to be served after release from federal prison." Clemons, 121 F. Supp. 2d at 1103 (distinguishing Maleng v. Cook, 490 U.S. 488, 493-94 (1989)).

Consequently, where petitioner wishes to challenge a current federal sentence on the grounds that it was enhanced by a prior conviction, his habeas petition is must be brought as a challenge to his current federal sentence pursuant to 28 U.S.C. § 2255. McCarthy v. United States, 320 F.3d 1230 (11th Cir. 2003) (holding petitioner must bring challenge under § 2255 instead of § 2254) (citing Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000) (same)); Shilling v. Franklin County Adult Prob., 1999 WL 282659 at *1 (6th Cir. 1997); see also Buhl v. Hendrick, 1998 WL

70628 (E.D. Pa. 1998) (citing Young v. Vaughn, 83 F.3d 72 (3d. Cir. 1996)).

Because pro se petitions should be construed liberally, courts often construe petitions improperly brought under § 2254 as petitions pursuant to § 2255. Shilling, 1999 WL 282659 at *1; Dellorfano v. Lansing, 1996 WL 278804, *1  (E.D. Pa. 1996) (citing Papadakis v. Metropolitan Corr. Ctr., 822 F.2d 240, 245 (2d Cir. 1987) ("Where factual circumstances so dictate, a district court is authorized to consider a petition for a writ of habeas corpus as a motion to vacate under section 2255.")). Accordingly, because Autrey is attempting to challenge the federal sentence under which he is presently incarcerated, on the grounds that it was enhanced by a prior, wrongful conviction in the Commonwealth of Pennsylvania, this Court will now construe Autrey's petition as one brought under § 2255.

### III.      28 U.S.C. Section 2255

28 U.S.C. § 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." § 2255. The statute "was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court," U. S. v. Addonizio, 442 U.S. 178, 185 (1979),

and therefore requires federal prisoners who wish to challenge federal sentences to do so in "the court which imposed the sentence," 28 U.S.C. § 2255.

Only the sentencing court and its district have jurisdiction to hear § 2255 petitions. Application of Galante, 311 F. Supp. 732, 734 (M.D. Pa. 1970) (holding "that the Middle District of Pennsylvania is without jurisdiction under Section 2255 to entertain this petition for a Writ of Habeas Corpus" where the sentencing court was in New York); see also Zvonaric v. Mustain, 562 F.2d 570, 572 (8th Cir. 1977) (upholding dismissal for lack of jurisdiction under § 2255); Zaffarano v. Fitzpatrick, 404 F.2d 474, 478 (2d Cir. 1968). Accordingly, this Court lacks jurisdiction to hear petitioner's challenge to his July 24, 1998, sentence by the United States District Court for the Eastern District of Pennsylvania.

A nonsentencing Court may exercise jurisdiction over a § 2255 petition by construing it as a § 2241 motion. Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983). However, such construction is proper only if the petitioner alleges "facts showing that a section 2255 motion would be ineffective." Id.; Application of Galante, 311 F. Supp. 732 733-734 (M.D. Pa. 1970) (quoting Charles Alan Wright, Federal Practice and Procedure: Criminal § 591). "Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited

6

circumstances." <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000) (quoting <u>Caravalho v. Pugh</u>, 177 F.3d 1177, 1178 (10th Cir. 1999)). Autrey does not make the requisite showing that the section 2255 motion would be ineffective and, therefore, is not entitled to have his petition treated as one under § 2241.

Finally, where "a civil action is filed in a court that lacks jurisdiction, 'the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." <u>Estupinan v. Nash</u>, WL 182162, *2-3  (D.N.J. 2006) (dismissing because it would not be in the interest of justice to transfer the habeas petition due to lack of likelihood on the merits) (quoting 28 U.S.C. § 1631). Here, however, it is not in the interest of justice to transfer Autrey's petition because, as Autrey's second § 2255 petition, it may not proceed without certification from the Third Circuit Court of Appeals as provided in § 2244.[1] § 2255.

---

[1] The Court of Appeals will provide such certification only upon:
>   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Accordingly, this Court is without jurisdiction to hear Autrey's petition and the petition shall be dismissed.

The accompanying Order shall issue today.


Dated: 3/28/06                S/Robert B. Kugler
                              ROBERT B. KUGLER
                              United States District Judge